# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00508-KDB

| | |
|---|---|
| PATTI LORETTA CLONINGER,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Patti Loretta Cloninger's Motion for Summary Judgment (Doc. No. 14) and Defendant's Motion for Summary Judgment (Doc. No. 16). Ms. Cloninger, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits under the Social Security Act.

Having carefully reviewed and considered the written arguments, administrative record, and applicable authority, the Court finds that the matter should be remanded to allow the ALJ to reconsider the relevant medical opinions in light of this Order. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgement; **DENY** Defendant's Motion for Summary Judgement; **REVERSE** the Commissioner's decision; and **REMAND** the matter for further proceedings consistent with this order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

## I. BACKGROUND

On July 28, 2017, Plaintiff filed an application for a period of disability and disability insurance benefits under title II of the Social Security Act, alleging that she had been disabled since December 21, 2015. (*See* Tr. 10). Plaintiff's application was denied initially and upon reconsideration. (*See id*.). After conducting a hearing on August 28, 2019, Administrative Law Judge Susan Poulos (the "ALJ") denied her application in a decision dated October 16, 2019. (Tr. 10-27). On July 22, 2020, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Cloninger has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Cloninger was disabled under the law during the relevant period.[2] At step one, the ALJ found that Ms. Cloninger had not engaged in substantial gainful activity ("SGA") since her alleged onset date and at step two that she had several medically determinable and severe impairments: obesity, degenerative disc disease, degenerative joint disease, carpal tunnel syndrome, and osteoarthritis. (Tr. 12). However, the ALJ found at step three

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 15).

The ALJ then determined that Ms. Cloninger had the residual functional capacity ("RFC") to perform a restricted range of light work as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can: perform occasional climbing of ladders, ropes, and scaffolds; perform frequent climbing of ramps and stairs; can perform frequent balancing, stooping, kneeling, crouching, and crawling; perform right upper extremity frequent but not constant overhead reaching; and frequent non constant bilateral upper extremities handling and fingering.

(Tr. 16).

At step four, the ALJ found that the Plaintiff was able to perform her past relevant work as a secondary school teacher. (*See* Tr. 25). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from December 21, 2015 through the date of her decision. (*See* Tr. 27).

### III. LEGAL STANDARD

District courts review the ALJ's Social Security disability determination pursuant to the standard set out in 42 U.S.C. § 405(g). The decision of the ALJ must be upheld if the ALJ "applied the correct legal standards" and if the "factual findings are supported by substantial evidence." *Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Though the "threshold for such evidentiary sufficiency is not high," it requires that "more than a mere scintilla" of evidence support the ALJ's findings. *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). In undertaking this review, it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585,

3

589 (4th Cir. 1996). However, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## IV. DISCUSSION

The core dispute in this action is whether the ALJ's evaluation of the relevant medical evidence was proper, together with Plaintiff's challenge to the resulting effect of that allegedly improper analysis on the Plaintiff's RFC and the ALJ's decision that Plaintiff had the ability to perform her past work as a secondary school teacher. As discussed below, the Court finds that in several respects the ALJ did not fully and fairly consider all the medical evidence so the decision should be remanded for further consideration.

First, the ALJ improperly dismissed the medical opinion of Tatum Robinson, P.T., M.P.T., who provided physical therapy for the claimant almost weekly from April 2015 until the ALJ's opinion, on the grounds that she is "not a medical doctor." Tr. 23. Under the applicable post March 2017 regulations, a medical opinion is a "statement from a medical source about what [a claimant] can do despite [her] impairment(s) and whether [she] ha[s] one or more impairment-related limitations or restrictions" in listed work-related abilities. 20 C.F.R. § 404.1513(a)(2)(i)-(iv) (2017). Medical sources are individuals who are "licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law." 20 C.F.R. § 404.1502(d). Because PT Robinson is a licensed physical therapist, she is therefore, a "medical source," and hers is a "medical opinion" which should have been fairly considered as such by the ALJ. *See* 82 Fed. Reg. at 5869 ("We will articulate how we considered the medical opinions from all medical sources…."). Moreover, the ALJ's dismissal of PT Robinson's opinion based on an alleged inconsistency between a partial examination finding in 2018 (from a provider that Plaintiff saw only once) that Plaintiff had "five of five bilateral upper and lower extremities strengths, five of

4

five grip strength, normal muscle bulk and tone without atrophy, and a normal gait" and Robinson's years-long *weekly* history of evaluations of the Plaintiff requires reconsideration. Specifically, PT Robinson consistently observed and noted Plaintiff's antalgic gait, that she had lower extremity strength deficits during treatment sessions and she exhibited decreased hip and knee strength even when she reported some pain relief. *See* Tr. 491; 493; 495; 497; 933; 935; 937; 939; 941; 945; 947.

Similarly, the ALJ's finding that Plaintiff's long-time[3] treating physician Dr. James Wilson's opinion that Plaintiff would have to be absent from work "during severe degenerative osteoarthritis of the claimant's spine and peripheral joints" (2015), could not serve on a jury (2018), and could only work at the "sedentary" level with significant limitations in attendance and concentration (2019) are "not persuasive" require reconsideration because, *inter alia*:

- the ALJ fails to identify how Dr. Wilson's 2019 opinion is "inconsistent with the medical record" (Tr. 24);

- the ALJ determined that the 2018 opinions of several *non-examining* doctors (who didn't even have the benefit of Dr. Wilson's 2019 examination and opinions) were "persuasive" (Tr. 22);

- the ALJ improperly dismissed Dr. Wilson's opinion which mostly reflects his medical observations based on his treating relationship because he candidly acknowledged the difficulty in determining the subjective level of his patient's pain (Tr. 24);[4]

---

[3] While the ALJ questions the longevity of Dr. Wilson's treating relationship with the Plaintiff based on the absence of treating notes in the record (which were apparently never requested), the evidence that his care of Plaintiff began in 1999 and continued through 2019 – as Dr. Wilson stated – is undisputed.

[4] Indeed, the Fourth Circuit has instructed ALJ's to give greater consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020) ("Because Arakas was 'entitled to rely exclusively on subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,'

5

- the ALJ failed to meaningfully consider the substance of Dr. Wilson's underlying reasons for opining that Plaintiff could not serve on a jury when dismissing the opinion based only on the temporary nature of jury service.

In sum, as the Fourth Circuit has cautioned, "[i]n evaluating a disability claim, '[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.'" *Arakas*, 983 F.3d at 98 (internal citation omitted). Here, the ALJ appears to have done just that and, accordingly, the case must be remanded for further consideration.

## V.  ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgement (Doc. No. 14) is **GRANTED**; Defendant's Motion for Summary Judgement (Doc. No. 16) is **DENIED**; and the Commissioner's decision is **REVERSED**.  This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

Signed: August 31, 2021

Kenneth D. Bell
United States District Judge

---

the ALJ 'applied an incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them. Thus, he 'improperly increased her burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." (internal citations omitted)).

[5] Sentence Four authorizes "a judgement affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990).